NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOSEPH RACCURRIO, PETITIONER, v. JOSEPH PELLEGRINI, RESPONDENT.

For the petitioner, *Kent & Kent.*

For the respondent, *McCarter & English.*

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Petitioner alleges that he sustained an accident arising out of and in the course of his employment with the respondent on September 1st, 1928. He says that at that time he was employed by the respondent as a laborer, and while engaged in leveling sand on Summit avenue in the city of Jersey City he was struck by a trolley car and rendered unconscious. He alleges that as a result of the said accident he sustained serious and permanent injury, particularly to his right shoulder, right elbow, right hand, cervical spine and nervous system, as a result of which injuries he alleges he is still unable to work.

Respondent denies that there is any permanent injury to the petitioner's right shoulder, right elbow, right hand, cervical spine and to his nervous system, and deneis that any such alleged injuries are the result of an accident arising out of and in the course of petitioner's employment with respondent. Respondent denies that there is any permanent injury whatever to the said petitioner but the respondent takes all injuries, diseases and any and all other conditions of the petitioner into consideration, including any and all ultimate results of any and all of the various diseases, injuries and conditions of the petitioner, and basing this compromise settlement not only on petitioner's present condition but on any and all developments in his condition which may be by him or by doctors alleged to be results of his alleged accident, either directly or by way of aggravation, is willing to make a compromise settlement of the entire matter for ten per cent. of total permanent disability at the rate of $17 a week for fifty weeks, and nineteen weeks' temporary disability at $17 a week. Respondent also agrees to pay the sum of $150 as a counsel fee for the attorney for the petitioner, and also agrees to pay Dr. Ruoff for the petitioner the sum of $25. The petitioner is to pay all other medical or other expenses incurred by him by reason of the alleged accident.

From the testimony and the facts stipulated this compromise settlement is fair to both sides and is approved by this court on the distinct understanding of the petitioner

and his attorneys, and the respondent and his attorneys, that a fundamental element of this compromise settlement is the fact that any future or further disturbances resulting in an increase of disability to the petitioner are taken into consideration, and are in a large measure the reason for respondent's willingness to agree to this compromise settlement.